## GOVERNFORM CORPORATION v. TERRY.

(Circuit Court of Appeals, Second Circuit. December 2, 1924.)

No. 104.

1. **Patents ☞328—Scheinman patent, No. I,-286,798, claim 4, for skirt belt adaptable to waist line without alteration, held valid and infringed.**

Scheinman patent, No. 1,286,798, claim 4, for belt, to constitute part of skirt, and to consist in part of elastic, so that it will, without alteration, adapt itself to the actual waist line, *held* valid and infringed.

2. **Patents ☞325—Plaintiff, appealing from decree holding one patent claim valid, but not infringed, and other claim void, allowed costs on appeal, on determination that other claim is valid.**

In suit for patent. infringement, in which lower court held one claim valid, and not infringed, and other claim void for want of invention, the Circuit Court of Appeals, in affirming decree as to first claim, and reversing decree in so far as it holds other claim void, and in determining other claim valid and infringed, will allow plaintiff costs of appeal.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Governform Corporation against Anna Terry, sued as Abraham Terry, on Scheinman patent No. 1,286,798, claims 1 and 4, for "garment and belt therefor." From a decree awarding insufficient relief, plaintiff appeals. Modified.

The garment referred to is usually a woman's skirt, a portion of which is "gathered" around the waist, and the whole garment depends from the usual belt fastened around the body above the hips. The patentee's object is "to provide an arrangement in which a pronounced and gracefully draped and gathered effect is produced and maintained," even though the wearers of the belt may within limits differ circumferentially. To that end the major portion of the belt is of inelastic material, but a part of it is elastic, and the elastic portion is divided into a plurality of parallel strips or bands, from only one of which depends the hanging skirt. The claims in suit are as follows:

"1. The combination of belt sections, a garment secured thereto and provided with a pocket extending circumferentially thereof, and a plurality of strips extending between said belt sections and located one above the other, one of said strips being located within said pocket, the normal length of said pocket being greater than the length of said strip, whereby a gathering of the garment material is produced and maintained between said belt sections, and said other strip being outside of said pocket on the inside of said garment.

"4. A belt adapted for combination with a garment for supporting same, and comprising two relatively wide sections, spaced from each other in a direction lengthwise of the belt, and two relatively narrow sections, transversely spaced from each other, and extending between the opposed ends of said relatively wide sections, said narrow sections having their opposed ends permanently secured to the ends of said wide sections, and being free and disconnected from each other at all points between said wide sections prior to incorporation in a garment; one of said narrow sections providing a means upon which a portion of said garment may be draped."

The court below held that claim 1 was valid and not infringed by defendant, and that claim 4 was void for want of invention; whereupon plaintiff appealed.

Hans V. Briesen, of New York City, for appellant.

W. P. Preble, of New York City, for appellee.

Before ROGERS and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

HOUGH, Circuit Judge (after stating the facts as above). The first claim is for the combination of belt sections and garment. Defendant admittedly did not make, use, or sell that combination, and we agree with the lower court that the evidence of contributing infringement is insufficient. As to claim 1, the decree appealed from is right.

The attained object, evidenced by success in commerce, of the patentee's belt, is to improve upon a belt made either wholly or partially of continuous elastic material. Epstein (887,610) shows a belt of which the front part is rigid and the rear part elastic. Such belt is lengthened by stretching the elastic, and in its stretched condition the skirt is fastened to it. The tension being released, the part of the skirt attached to the elastic section of the belt is automatically gathered. Such a skirt sags down or is displaced when the wearer bends over, according to uncontradicted evidence.

When, however, the weight of the gathered portion of the skirt hangs from only one of the patentee's "plurality of strips," the strip or strips having no weight upon them will, in the language of the specifica-

tion, "hold the belt firmly against the body of the wearer, and thus leave the skirt free to hang gracefully." This result is proven by uncontradicted evidence. The gathering of a skirt seems to be usually confined to the rear portion of the waistband, and when such gathering is upon the elastic part of the belt, it is unaffected by minor differences in the circumference of the wearer's waist. Therefore, according to the evidence, a belt, say size 32, will without alteration adapt itself to an actual waist line of about an inch either way. This saves alteration expenses. What makes a belt as defined in claim 4 a success is that it possesses a "narrow section providing a means upon which a portion of the skirt may be draped."

[1] The invention is a narrow one, and of utility in a single trade; but in that trade it has obtained recognition, and merits legal protection, unless invention must be denied it. Nothing is shown in the prior art requiring discussion, except Liebholz, 1,065,-258. This is a patent for a "skirt" of which the waistband "is provided with an elastic, and the body of the garment with self-adjustable hip portions below the waistband and independent thereof."

There is shown and described the waistband of a skirt of which the rear portion is a solid elastic band adjustable upon itself like a man's suspender. This elastic band is coextensive with the top of a flap of the skirt; that is, the skirt may open for the whole extent of the elastic part of the waistband. But in the top of this flap or opening portion of the skirt are a plurality of independent elastic bands attached to the skirt, which is gathered against them. It is specified that what we have just described is "below the elastic waistband portion," and that the flap (or what the specification calls the "rear body portion" of the skirt), contains "elastic portions independent of the waistband." It results in Liebholz's device that the flap or rear body portion of the skirt itself is given an elastic quality by the elastic attachments to the gathered part of the skirt independent of the belt or waistband. Consequently the flap itself is stretched across the body of the wearer below the belt proper. In other words, Liebholz's belt does not directly hold up the rear of the skirt at all.

There are obvious disadvantages about this, which Liebholz sought to remedy by attaching a loop to the elastic part of his belt, and hooking or otherwise attaching one point of the skirt flap to it. In so far as this loop supported any part of the skirt, a bending of the wearer's body would disturb the whole belt, and in so far as the loop failed to hold up the skirt, a considerable fraction of the weight of the garment failed to find any direct support from belt or waistband.

This is a wholly different concept from that of the patent in suit; it would not do what Scheinman did, nor try to do it in the same way. It is directed that the decree be modified, so as to declare validity in and infringement of claim 4.

[2] Plaintiff will recover the costs of this appeal.